EXHIBIT I

**COMMERCIAL PROMISSORY NOTE**
Officer: Walt Ellis, NMLS #1190035


☑ NOTICE
☐ COUPON


**TROY BANK & TRUST**
P.O. Box 967
Troy, AL 36081

| LOAN NUMBER | NOTE DATE | PRINCIPAL AMOUNT | MATURITY DATE | TRANSACTION KEY | OFFICER |
|---|---|---|---|---|---|
| 402689300 | September 30, 2015 | $382,664.00 | September 30, 2035 | 29391 | Walt Ellis, NMLS #1190035 |

LOAN PURPOSE: BUSINESS: (RENEW #211422400) ORIG., TO PURCHASE PROPERTY FOR DRIVE IN

**BORROWER INFORMATION**
CONTINENTAL CINEMA CORPORATION
450 U S HIGHWAY 231 S
TROY, AL 36079

**NOTE.** This Commercial Promissory Note will be referred to in this document as the "Note."
**LENDER.** "Lender" means Troy Bank and Trust Company, NMLS#409724 whose address is 1000 US HIGHWAY 231, Troy, Alabama 36081, its successors and assigns.
**BORROWER.** "Borrower" means each person or legal entity who signs this Note.
**PROMISE TO PAY.** For value received, receipt of which is hereby acknowledged, on or before the Maturity Date, the Borrower promises to pay the principal amount of Three Hundred Eighty-two Thousand Six Hundred Sixty-four and 00/100 Dollars ($382,664.00) and all interest on the outstanding principal balance and any other charges, including service charges, to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. The Borrower will make all payments in lawful money of the United States of America.
**PAYMENT SCHEDULE.** This Note will be paid according to the following schedule: 240 consecutive payments of principal and interest beginning on October 30, 2015 and continuing on the same day of each month thereafter. The initial payment will be in the amount of $2,540.78. This amount may change on October 30, 2018 and every YEAR thereafter. The unpaid principal balance of this Note, together with all accrued interest and charges owing in connection therewith, shall be due and payable on the Maturity Date. All payments received by the Lender from the Borrower for application to this Note may be applied to the Borrower's obligations under this Note in such order as determined by the Lender.
**INTEREST RATE AND SCHEDULED PAYMENT CHANGES.** Interest will begin to accrue on the date of this Note. The initial variable interest rate on this Note will be 5.000% per annum. This interest rate may change on September 30, 2018, and every YEAR thereafter. Each date on which the interest rate may change is called the "Change Date." Beginning with the first Change Date, Lender will calculate the new interest rate based on Prime Rate as published in The Wall Street Journal in effect on the Change Date (the "Index") plus 1.000 percentage points (the "Margin"). If the Index is not available at that time, Lender will choose a new Index which is based on comparable information. The Index is used solely to establish a base from which the actual rate of interest payable under this Note will be calculated, and is not a reference to any actual rate of interest charged by any lender to any particular borrower. The interest rate will never be less than 5.000%.

Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. If, however, from any circumstances, Borrower pays interest at a greater rate than the maximum allowed by law, the obligation to be fulfilled will be reduced to an amount computed at the highest rate of interest permissible under applicable law and if, for any reason whatsoever, Lender ever receives interest in an amount which would be deemed unlawful under applicable law, such interest shall be automatically applied to amounts owed, in Lender's sole discretion, or as otherwise allowed by applicable law. An increase in the interest rate will result in a higher payment amount. Interest on this Note is calculated on an Actual/360 day basis. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note.
**LATE PAYMENT CHARGE.** If any required payment is more than 10 days late, then at Lender's option, Lender will assess a late payment charge of 5.000% of the amount past due, subject to a maximum charge of $100.00 and a minimum charge of $0.50.
**PREPAYMENT PENALTY.** This Note may be prepaid, in full or in part, at any time, without penalty.
**SECURITY TO NOTE.** Security (the "Collateral") for this Note is granted pursuant to the following security document(s):

- Assignment of Life Insurance Policy with a face value of $1,000,000.00, dated September 30, 2015 evidencing security interest in Life Insurance Policy #AD20225658 Issued by RELIASTAR LIFE INSURANCE COMPANY with a hold amount of $1,000,000.00.
- Assignment of Life Insurance Policy with a face value of $2,000,000.00, dated September 30, 2015 evidencing security interest in Life Insurance Policy #24213081 Issued by NEW YORK LIFE INSURANCE COPMANY with a hold amount of $1,000,000.00.
- Security Instrument (Mortgage/Deed of Trust/Security Deed) in the amount of $748,000.00, dated August 24, 2004 evidencing a lien on the property located at HIGHWAY 84, NEWTON AL 36352 1ST R/E MTG REC 09/02/2004 IN MTG BOOK 1685 AT PG 785 IN THE JUDGE OF PROBATE OFFICE IN HOUSTON COUNTY, AL ON 16 ACRES AND DRIVE-IN CINEMA.

**GUARANTY.** In support of this transaction, a Guaranty dated September 30, 2015 has been executed by JEFFRY G TAYLOR; and a Guaranty dated September 30, 2015 has been executed by CHASE A TAYLOR.
**RIGHT OF SET-OFF.** To the extent permitted by law, Borrower agrees that Lender has the right to set-off any amount due and payable under this Note, whether matured or unmatured, against any amount owing by Lender to Borrower including any or all of Borrower's accounts with Lender. This shall include all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. Such right of set-off may be exercised by Lender against Borrower or against any assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor of Borrower, or against anyone else claiming through or against Borrower or such assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set-off has not been exercised by Lender prior to the making, filing or issuance or service upon Lender of, or of notice of, assignment for the benefit of creditors, appointment or application for the appointment of a receiver, or issuance of execution, subpoena or order or warrant. Lender will not be liable for the dishonor of any check when the dishonor occurs because Lender set-off a debt against Borrower's account. Borrower agrees to hold Lender harmless from any claim arising as a result of Lender exercising Lender's right to set-off.
**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, mortgages, deeds of trust, deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments and any other documents or agreements executed in connection with this Note whether now or hereafter existing,

© 2004-2015 Compliance Systems, Inc. f8e332ff-c0b7c7e9 - 2015.3.0.752
Commercial Promissory Note - DL4006    Page 1 of 2    www.compliancesystems.com
Initials

Case 20-11304   Doc 7-9   Filed 02/03/21   Entered 02/03/21 13:22:04   Desc Exhibit Note   Page 1 of 2

including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Note by reference thereto, with the same force and effect as if fully set forth herein.

**DEFAULT.** Upon the occurrence of any one of the following events (each, an "Event of Default" or "default" or "event of default"), Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any payment on time or in the amount due; (b) any default by Borrower under the terms of this Note or any other Related Documents executed in connection with this Note; (c) any default by Borrower under the terms of any Related Documents in favor of Lender; (d) the death, dissolution, or termination of existence of Borrower or any guarantor; (e) Borrower is not paying Borrower's debts as such debts become due; (f) the commencement of any proceeding under bankruptcy or insolvency laws by or against Borrower or any guarantor or the appointment of a receiver; (g) any default under the terms of any other indebtedness of Borrower to any other creditor; (h) any writ of attachment, garnishment, execution, tax lien or similar instrument is issued against any collateral securing the loan, if any, or any of Borrower's property or any judgment is entered against Borrower or any guarantor; (i) any part of Borrower's business is sold to or merged with any other business, individual, or entity; (j) any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given; (k) if any guarantor, or any other party to any Related Documents in favor of Lender entered into or delivered in connection with this Note terminates, attempts to terminate or defaults under any such Related Documents; (l) Lender has deemed itself insecure or there has been a material adverse change of condition of the financial prospects of Borrower or any collateral securing the obligations owing to Lender by Borrower. Upon the occurrence of an event of default, Lender may pursue any remedy available under any Related Document, at law or in equity.

**GENERAL WAIVERS.** To the extent permitted by law, the Borrower severally waives any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right.

**JOINT AND SEVERAL LIABILITY.** If permitted by law, each Borrower executing this Note is jointly and severally bound.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Note is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Note without invalidating the remainder of either the affected provision or this Note.

**SURVIVAL.** The rights and privileges of the Lender hereunder shall inure to the benefits of its successors and assigns, and this Note shall be binding on all heirs, executors, administrators, assigns and successors of Borrower.

**ASSIGNABILITY.** Lender may assign, pledge or otherwise transfer this Note or any of its rights and powers under this Note without notice, with all or any of the obligations owing to Lender by Borrower, and in such event the assignee shall have the same rights as if originally named herein in place of Lender. Borrower may not assign this Note or any benefit accruing to it hereunder without the express written consent of the Lender.

**ORAL AGREEMENTS DISCLAIMER.** This Note represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**GOVERNING LAW.** This Note is governed by the laws of the state of Alabama except to the extent that federal law controls.

**HEADING AND GENDER.** The headings preceding text in this Note are for general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading. All words used in this Note shall be construed to be of such gender or number as the circumstances require.

**ATTORNEYS' FEES AND OTHER COSTS.** Borrower agrees to pay all of Lender's costs and expenses in connection with the enforcement of this Note including, without limitation, reasonable attorneys' fees, to the extent permitted by law.

**ADDITIONAL PROVISIONS.** LIFE INSURANCE ASSIGNMENTS ALSO SECURES LOAN #401483600 & #401795800: ASSIGNMENT OF LIFE INSURANCE POLICY NUMBER 24213081 INSURING THE LIFE OF CHASE TAYLOR: TB&T IS TAKING LIEN OF ONE MILLION DOLLARS OF THE TWO MILLION DOLLAR POLICY (CONTINENTAL CINEMA'S PORTION OF POLICY).

By signing this Note, Borrower acknowledges reading, understanding, and agreeing to all its provisions. CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

CONTINENTAL CINEMA CORPORATION

By: JEFFRY G TAYLOR     Date: 9/29/15
Its: President

By: CHASE A TAYLOR     Date: 9/29/15
Its: Secretary/Treasurer

LENDER: Troy Bank and Trust Company, NMLS#409724

By: Walt Ellis, NMLS #1190035     Date: 9-29-15
Its: AVP/Commercial Loan Officer

© 2004-2015 Compliance Systems, Inc. f8e5321f-e0b7e7e9 - 2015.3.0.752
Commercial Promissory Note - DL4006A                    Page 2 of 2                    www.compliancesystems.com
Initials